IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
FILED

DEC 3 0 2003

Michael N. Milby, Clerk
Laredo Division

| | | |
|---|---|---|
| LINDA AMEZQUITA, | § § | |
| *Plaintiff*, | § § | |
| vs. | § § | CIVIL NO. 5:02-CV-077 |
| BENEFICIAL TEXAS, INC. and HOUSEHOLD BANK FSB, | § § § | |
| *Defendants*. | § § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR COMPLETE SUMMARY JUDGMENT

Defendants file this Reply to Plaintiff's Response to Defendants' Motion for Complete Summary Judgment, and show the Court that Plaintiff has failed to demonstrate any issues of material fact, and Defendants are entitled to Complete Summary Judgment.

Plaintiff's Response fails to demonstrate that Defendants are not entitled to complete summary judgment.[1] For example, Plaintiff does not dispute that many of her claims are barred by her failure to timely exhaust her administrative remedies. She also fails to demonstrate any issues of material fact regarding the legitimate reasons for the termination of her employment. Finally, Plaintiff relies on factual assertions that are unsupported by the evidence in this matter.[2] For all of these reasons and for the reasons set forth in Defendants' Motion, Defendants request that the Court grant their Motion for Complete Summary Judgment.

---

[1] In a further example of Plaintiff's repeated disregard of this Court's Rules, Plaintiff filed her Response 33 days after Defendants filed their Motion for Complete Summary Judgment. This Court's Rules (L.R. 7.3, 7.4) require that responses to opposed motions be filed within 20 days of the Motion being filed. Accordingly, Plaintiff's Response was untimely.

[2] Plaintiff's Response contains numerous factual assertions, for which Plaintiff does not (and cannot) cite to any evidentiary support. [*See, e.g., Plaintiff's Response* at pp. 2, 5, 9, and 12]



A. **Plaintiff's Title VII and Texas Commission on Human Rights Act (TCHRA) claims based on sex discrimination, retaliation, and harassment all must fail.[3]**

1. **Plaintiff does not dispute that many of her Title VII and TCHRA claims are barred by her failure to timely exhaust her administrative remedies.**

Defendants' Motion for Complete Summary describes that the following claims are barred by Plaintiff's failure to timely exhaust her administrative remedies: (i) Plaintiff's promotion claim from May 1998; (ii) Plaintiff's denial of benefits claim from June 1998; (iii) Plaintiff's promotion claim from February 1999; (iv) Plaintiff's promotion claim from September 2000; (v) Plaintiff's claims of retaliation by Mendez during her employment; and (vi) Plaintiff's hostile work environment/harassment claims.[4] [*See Defendants' Motion for Complete Summary Judgment* at pp. 10-14, 19, 24] Plaintiff does not dispute that these claims are barred by her failure to timely exhaust her administrative remedies. When a non-movant fails to respond to a properly supported motion, summary judgment for the moving party is appropriate. FED.R.CIV.P. 56(e); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Eversley v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *see also, Hairston v. Contracta Facility Srvs.*, 2001 WL 332018 (N.D. Tex. April 3, 2001) (stating that defendant's evidence accepted as undisputed because plaintiff failed to respond to defendant's motion for summary judgment and adduced no evidence on distress claim); *Kimble v. Georgia Pac. Corp.*, 245 F.Supp.2d 862, 865-66 and n4 (M.D. La 2002) (stating that plaintiff apparently abandoned certain claims and granting summary

---

[3] As noted in Defendants' Motion, Plaintiff appears also to assert a claim based on national original discrimination. Because Plaintiff never filed a Charge of Discrimination alleging national origin discrimination (which Plaintiff does not dispute), any Title VII or TCHRA claims based on national original discrimination must be dismissed. [*See Defendant's Motion* at p. 10 n. 7] In addition, in every alleged instance of failure to promote, another Hispanic candidate was chosen over Plaintiff. [*See Plaintiff's Response* at pp. 12 – 14] Therefore, Plaintiff cannot even establish a *prima facie* of discrimination based on her Hispanic ethnicity. Finally, in that Plaintiff does not reference Section 1981 in her Response, it appears that Plaintiff has abandoned this claim.

[4] Plaintiff's Response asserts, for the first time, that the decision not to promote her in September 2000 was the result of unlawful retaliation. [*See Plaintiff's Response* at p. 13] However, Plaintiff never filed a Charge of Discrimination based on this allegation and, therefore, this claim also is barred by Plaintiff's failure to timely exhaust her administrative remedies.

judgment because plaintiff failed to respond to defendant's summary judgment on those claims). Therefore, because Plaintiff failed to respond to any of Defendants' contentions regarding her failure to exhaust administrative remedies, these issues are not in dispute and summary judgment for Defendants on these claims is appropriate.

### 2. Plaintiff fails to demonstrate a genuine issue of fact regarding the legitimate non-discriminatory reasons for the termination of her employment.

Plaintiff contends that the termination of her employment was the result of unlawful retaliation and gender discrimination in violation of Title VII and the TCHRA. However, Plaintiff fails to offer any evidence to dispute the legitimate non-discriminatory and non-retaliatory reasons for the termination of her employment. Plaintiff's employment was terminated for impeding an investigation and, more specifically, for lying during this investigation. [*See Defendants' Motion* at p. 8] Steve Pummill, Division General Manager, believed that Plaintiff lied during his investigation of the Laredo office regarding three specific occurrences: (i) Plaintiff had friends visit her at the office for over an hour at a time; (ii) Plaintiff screamed/yelled at coworkers in the office while customers were present; and (iii) Plaintiff had a confrontation with Claudia Rangel in the back break-room of the office and placed a chair against the door during this incident. [*Id.*]

Plaintiff does not dispute that in her meetings with Steve Pummill she denied having friends visit her at the office for over an hour; denied screaming at coworkers while customers were present; and denied any confrontation with Claudia Rangel, including that she denied placing a chair against the door. [*See Plaintiff's Response* at pp. 3, 5, 6-7][5] However, Pummill had been told by other employees, including Claudia Rangel, Luz Montes, and Ricardo Torres

---

[5] Plaintiff's statements in her Response are: "Plaintiff Amezquita did deny yelling in front of customers"; Plaintiff "disagreed about the length of time of the [friends'] visits"; and "Linda Amezquita denies propping a chair up against the door to the coffee room so that it would not open," and when asked about the entire incident, "[s]he said 'it never happened.'" [*See Plaintiff's Response* at pp. 3, 5, 6, 7]

that these incidents had occurred. As a result, in the face of statements from three other employees that were inconsistent with Plaintiff's statements, Pummill reached the good faith conclusion that Plaintiff was lying. Plaintiff's disagreement with Pummill's conclusion is not evidence of discrimination. Even an employer's incorrect conclusion, as long as it was made in good faith, constitutes a legitimate non-discriminatory reason. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("Even an incorrect belief that an employee's performance is inadequate constitutes a legitimate, nondiscriminatory reason. We do not try in court the validity of good faith beliefs as to an employee's competence. Motive is the issue."); *EEOC v. Texas Instruments*, 100 F.3d 1173, 1182 (5th Cir. 1996) (even an "unfair" decision is not evidence of age bias); *see also Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1508 (5th Cir. 1988) ("The ADEA cannot protect older employees from erroneous or even arbitrary personnel decisions, but only from decisions which are unlawfully motivated.")

Plaintiff does not dispute the denials she made to Pummill during his investigation. Rather, throughout eight pages of Plaintiff's Response, Plaintiff contends that even if she did the things she was accused of doing, others did them as well and the Branch Manager, Ricardo Torres, also was at fault for allowing these things to occur. [*Plaintiff's Response* at pp. 2-10][6] Plaintiff's contention that others also engaged in this conduct, fails to address the reason Plaintiff's employment was terminated, i.e., that **she lied about her involvement in these incidents**. It is undisputed that others in the office allowed friends to visit for excessive amounts

---

[6] In another section of Plaintiff's Response, Plaintiff contends that she was fired for an alleged sexual relationship with Ricardo Torres. [*Plaintiff's Response* at pp. 14-19] However, Plaintiff cannot point to any evidence that this was the reason for her termination, or that Defendants have ever contended or asserted this was the reason for the termination of her employment. Plaintiff's only "evidence" on this issue is that both she and Torres were questioned about whether a relationship existed, and both denied this relationship. [*Id.*] Thus, Plaintiff was not treated any differently than Ricardo Torres by being questioned about a relationship. Furthermore, the fact that they were questioned about this issue is not evidence that any decisions regarding Plaintiff or Torres were based on a belief or conclusion that a relationship existed. Plaintiff's entire discussion of this issue is wholly irrelevant.

of time, and that others yelled in the office.[7] In fact, Branch Manager Torres was demoted and transferred because he allowed these events to occur. However, no one else lied about these things during Pummill's investigation. Therefore, because Plaintiff fails to offer any evidence to create an issue of material fact regarding Pummill's good faith belief that Plaintiff lied during his investigation, Plaintiff fails to create a genuine issue of material fact regarding the legitimate, non-discriminatory and non-retaliatory reasons for the termination of her employment.[8]

3. **Plaintiff contends that Defendants cannot demonstrate an after-acquired evidence defense, however, Defendants did not move for summary judgment based on this defense.**

Plaintiff contends that Defendants cannot demonstrate an after-acquired evidence defense. [*See* Plaintiff's Response at pp. 10-12] However, Defendants did not move for summary judgment based on this defense, and have never asserted that the statements in the Alejandro Palos file were grounds to terminate Plaintiff or grounds for an after-acquired evidence defense. Accordingly, this after-acquired evidence discussion is completely irrelevant to Defendants' Motion for Summary Judgment.[9]

---

[7] To the extent Plaintiff is alleging gender or national origin discrimination based on the fact that she was fired, but other employees who engaged in this conduct were not, this allegation is fatally flawed. The other employees who engaged in this conduct (Claudia Rangel and Luz Montes) also are Hispanic females. Branch Manager Torres, who allowed this conduct to occur, also is Hispanic.

[8] Plaintiff contends she can demonstrate pretext because Defendants allegedly have offered different justifications at different times for Plaintiff's termination. [*Plaintiff's Response* at 17] However, Defendants have never offered different justifications for the termination of Plaintiff's employment. Rather, it is Plaintiff who spends three pages of her Response contending that her alleged relationship with Ricardo Torres was a reason for the termination of her employment. [*See Plaintiff's Response* at pp. 17 – 19] Because Plaintiff does not point to a single instance where Defendants have ever contended or asserted that this alleged relationship was a basis for Plaintiff's termination, there is simply no evidence to support this theory.

[9] Plaintiff also contends that the entries in and revisions to the Palos file after Plaintiff's termination were somehow unlawful retaliation and intentional infliction of emotional distress. In that these entries did not constitute ultimate employment decisions, they cannot form the basis for an unlawful retaliation claim. *Felton v. Polles*, 315 F.3d 470, 486 (5th Cir. 2002) Furthermore, entries in a proprietary client computer file do not constitute extreme and outrageous conduct and Plaintiff offers no evidence of severe emotional distress resulting from these events. Therefore, they also cannot form the basis for an intentional infliction of emotional distress claim. *See City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000).

4. **Plaintiff fails to offer evidence of a hostile work environment.**

Plaintiff cannot prevail on any hostile work environment claims. First, Plaintiff has never filed a Charge of Discrimination alleging hostile work environment or harassment claims. Plaintiff does not dispute this fact in her Response. Therefore, these claims are barred by Plaintiff's failure to timely exhaust her administrative remedies regarding these claims. [*See Defendants' Motion* at 24]

Second, Plaintiff fails to offer evidence of severe or pervasive conduct as necessary to establish a claim of sexual harassment. *See Watts v. Kroger Co.*, 170 F.3d 505, 509-10 (5th Cir. 1999). Plaintiff contends that in 1999 and 2000, employees brought "pornographic" magazines, cards, CDs, and movies to the office. However, Plaintiff admits to not "participating" in viewing any of these materials. Plaintiff also contends that at least with respect to the CDs, these remained in the office until the end of 2001. However, while Plaintiff contends these CDs were "pornographic," at best the evidence is that the CD labels depicted pictures of nude men and women. [*See Plaintiff's Response* at pp. 20 – 21] In addition, these CDs were kept at the desks of individual employees, and not directed towards Plaintiff in any way. [*Id.*] Therefore, even if these claims were not already barred by Plaintiff's failure to file a Charge based on these claims, these allegations are simply insufficient to support a claim of hostile work environment or unlawful harassment.

5. **Plaintiff's promotion claims also fail.**

As noted above, it is undisputed that Plaintiff has never filed a Charge of Discrimination based on a failure to promote claim. [*See infra* at 2] For this reason alone, Plaintiff's failure to promote claims must be dismissed. Nevertheless, although she never filed a Charge based on this claim, Plaintiff now contends that she also was wrongfully denied a promotion to Branch

Manager in February of 2002 (after the termination of her employment). Plaintiff, however, was not eligible for rehire or transfer after the termination of her employment. As Steve Pummill succinctly stated, "one of the requirements of my branch sales manager is that they don't lie." [*See Plaintiff's Response*, Ex. D, at 80:13-23]  And Pummill believed Plaintiff had lied to him. [*See Defendants' Motion* at p. 8]   Thus, Plaintiff was not eligible for rehire for the same legitimate, non-discriminatory and non-retaliatory reasons she was fired.

**B.    Plaintiff Fails to Provide Evidence of a Defamation Claim.**

Plaintiff does not dispute that the defamation claim she originally pled in her Complaint cannot survive summary judgment. [*See Defendants' Motion for Summary Judgment* at pp. 33-36]  Plaintiff's Response does not even address this defamation claim. Instead, Plaintiff comes up with a new defamation allegation based on statements in Pummill's notes that were sent to the company that Defendants use for responding to unemployment claims. [*See Plaintiff's Response* at 22-23]  This defamation claim must fail as well. First, Plaintiff mischaracterizes Pummill's statements by asserting that, "Defendants accuse Plaintiff Amezquita of violating Texas Penal Code § 20.02 Restraint." [*Id.*]  However, Plaintiff cannot point to a single piece of evidence where Defendants accuse Plaintiff of unlawful restraint. In short, these are Plaintiff's words, not Defendants.

Second, Plaintiff contends that Pummill made a statement in his notes of his interview with Claudia Rangel that Rangel had said, "the door was barred." Again, this mischaracterizes Pummill's statement. Pummill's notes state, "Claudia was shocked and upset that Linda had barred the door with a chair." It is undisputed that Pummill's notes are simply his report of statements by witnesses he interviewed during his investigation of the Laredo office. Thus, the issue for a defamation claim is not whether Pummill believed these statements. Rather, the issue

is whether Pummill's notes are an accurate statement of what he was told by Rangel. *See e.g., Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (Court upheld trial court's granting of summary judgment on defamation claim where employees did not accuse coworker of wrongdoing, but rather restated factual events as had been reported to them.) Pummill's statements are an accurate report of what Rangel reported to him. In both Rangel's deposition testimony and in Pummill's notes of his interview with Rangel, Rangel stated that Plaintiff placed a chair in front of the door (with the back of the chair under the door handle). [*See Defendants' Motion* at 7] More specifically, when asked by Plaintiff's counsel what exactly Plaintiff did, Rangel stated, "Put . . . you know, **blocked the door with the chair** . . ." [*Defendants' Motion*, Ex. F at 66:17-21 (emphasis added)] As such, Plaintiff cannot offer any evidence that Pummill's statement that Rangel told him that Plaintiff barred the door with a chair was an untrue statement.[10] To the contrary, Pummill's notes are wholly consistent with Rangel's sworn testimony. Therefore, Pummill's notes are true statements. Truth is a complete defense to defamation. *Randall's Food Mkts.*, 891 S.W.2d at 646. For these reasons, Plaintiff's newly crafted defamation claim cannot survive summary judgment. [*Id.*]

C. **Plaintiff's Breach of Contract Claims Also Fail.**

Plaintiff fails to dispute that, as a matter of law, she cannot sustain a breach of contract claim based on a handbook policy. [*See Defendants' Motion* at pp. 30-32] Nevertheless, undeterred by this well-settled principle of Texas law, Plaintiff continues to pursue a breach of contract claim based on not receiving severance pay under the severance policy. However, even under the terms of the policy on which Plaintiff relies, she was not eligible for severance pay.

---

[10] Plaintiff tries to dispute Pummill's statement that he was told, "Linda had barred the door with a chair" with Rangel's statement to Pummill that she did not feel threatened. However, Rangel's statement that she did not feel threatened does not in any way contradict that she also stated that Amezquita barred the door with a chair. Not feeling threatened is simply Rangel's reaction to the situation, and not a description of the situation itself.

[See *Plaintiff's Motion*, Ex. G] First, payment of severance is completely in the discretion of the company. Second, the circumstances of Plaintiff's termination are not even included on the list of six reasons that "may" warrant severance. [*Id.*] Therefore, even if this handbook policy created a contract, it did not entitle Plaintiff to severance pay.

**D. Plaintiff Fails To Proffer Sufficient Evidence to Sustain a Claim For Intentional Infliction of Emotional Distress Claim.**

Plaintiff simply fails to offer sufficient evidence to demonstrate either extreme and outrageous conduct or severe emotional distress. Plaintiff now contends that statements in the file of customer Palos constitute intentional infliction of emotional distress. However, statements in a proprietary customer file do not rise to the level of extreme and outrageous conduct, particularly since Plaintiff fails to show that these statements were untrue. [*See Defendants' Motion* at 35 – 36] In addition, there is no evidence that these statements caused Plaintiff severe emotional distress. To the contrary, Plaintiff's alleged stress lasted only through January 2002. [*See Defendants' Motion* at 42 n. 21] The entries in the Palos file occurred in February of 2002. [*See Plaintiff's Response* at p. 11] Thus, Plaintiff cannot demonstrate any emotional distress resulting from the entries in the customer file. Therefore, for these reasons and the reasons stated in Defendants' Motion, Plaintiff's intentional infliction of emotional distress claim must be dismissed.

**E. Conclusion.**

Plaintiff has failed to offer evidence to create a genuine issue of material fact regarding any of her claims. Accordingly, for the reasons stated herein and in Defendants' Motion for Complete Summary Judgment, Defendants request that the Court grant their Motion, and dismiss Plaintiff's claims with prejudice.

                    Respectfully submitted,

                    */s/ Katherine E. Flanagan*
                    Katherine E. Flanagan
                    Attorney-in-Charge
                    State Bar No. 00788945
                    Federal I.D. No. 17542
                    1301 McKinney Street
                    Suite 1900
                    Houston, Texas 77010
                    (713) 951-9400 (Telephone)
                    (713) 951-9212 (Telecopier)

Of Counsel:
LITTLER MENDELSON, P.C.
A Professional Corporation


Local Counsel:
Marcel C. Notzon, III
Alvarez, Notzon & Gutierrez, L.L.P.
415 Shiloh Drive
Laredo, Texas 78041
(956) 717-8880 (Telephone)
(956) 717-8877 (Telecopier)

                    **ATTORNEYS FOR DEFENDANTS**
                    **BENEFICIAL TEXAS, INC. and**
                    **HOUSEHOLD BANK, FSB**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been properly served by certified mail, return receipt requested, on this the 24th day of December 2003, on the following counsel of record:

>Mr. R.L. Mays, Jr.
>2700 NE Loop 410
>Suite 675
>San Antonio, Texas 78217

>*Katherine E. Flanagan*
>Katherine E. Flanagan

Houston:162832.1 023404.1030