O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LINDA AMEZQUITA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. L-02-77 |
| | § | |
| BENEFICIAL TEXAS, INC., | § | |
| AND HOUSEHOLD BANK FSB, | § | |
| | § | |
| Defendants | § | |

## MEMORANDUM

This case is set for jury trial next week.  After a status conference on July 21, 2005, and in anticipation of trial, the Court has carefully re-examined the record with respect to Plaintiff's hostile work environment claim.

In that claim, Plaintiff asserts that between 1999 and 2000, adult magazines, playing cards depicting nude models, music CDs with labels depicting male and female genitalia, and a newspaper from Las Vegas advertising sex on the street were displayed in the office. (See Deposition of L. Amezquita, 119:11-16).  She also claims that a pornographic video was played in the office conference room.  However, at her deposition, she testified that the only items she personally saw were the CDs and one Playboy magazine.  (Deposition of L. Amezquita, 121:10-123:2). None of these actions appear to have been directed towards the Plaintiff.

Instead, the allegedly pornographic materials were in the office and the Plaintiff occasionally saw them or heard about them.

Defendant moved for summary judgment based on the fact that the alleged incidents in 1999-2000 were outside Title VII's 300-day statute of limitations (Docket No. 81). Plaintiff responded with an affidavit stating "I saw several of the CDs as recently as the Christmas and New Year's holidays of 2001-2002. I saw them when looking through the CDs for Christmas music to play as background music in the Beneficial offices." (Docket No. 94, Exhibit H). While this time lapse between the alleged incidents may not be fatal of itself, it does have a bearing on the strength of Plaintiff's claim.

To establish a hostile work environment claim the plaintiff must prove that (1) she belongs to a protected group; (2) she was subject to unwelcome sexual harassment; (3) the harassment complained of was based on sex; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. Hockman v. Westward Communications, 407 F.3d 317, 325 (5th Cir. 2004).

Under Fifth Circuit precedent, the evidence in the current record would not rise to the level of affecting "a term, condition, or privilege" of Plaintiff's employment. For harassment to affect

a term, condition or privilege of employment, it must be both objectively and subjectively abusive under a totality of the circumstances.  <u>Harris v. Forklift Sys., Inc</u>., 510 U.S. 17, 21-23 (1993).  Determining factors include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating as opposed to a mere offensive utterance; (4) whether it unreasonably interferes with an employee's work performance; and (5) whether it undermines the plaintiff's workplace competence.   <u>Hockman</u>, 407 F.3d at 325-26 (citations omitted).  Stated differently,

> "[a] hostile work environment claim embodies a series of criteria that express extremely insensitive conduct against women, conduct so egregious as to alter the conditions of employment and destroy their equal opportunity in the workplace.  Any lesser standard of liability, couched in terms of conduct that sporadically wounds or offends but does not hinder a female employee's performance, would not serve the goal of equality."  <u>DeAngelis v. El Paso Mun. Police Officers Assn</u>., 51 F.3d 591, 593 (5th Cir. 1995).

While the conduct which offends Plaintiff could be considered vulgar and unprofessional, it is not sufficiently severe or pervasive to rise to the level of a hostile work environment. Other than the conclusory assertion in the Plaintiff's response to summary judgment that "the office environment unreasonably interfered with Plaintiff Amezquita's work performance," there is no indication that occasionally seeing pornography impaired her so severely as to "unreasonably interfere with her work performance"

or "undermine her workplace competence."

As stated in DeAngelis, a Title VII claim is not intended to "remedy every tasteless joke or groundless rumor that confronts women in the workplace." 51 F.3d at 597. The facts in this case do not even approach those in two cases in which summary judgment was rendered against the plaintiff. Hockman, supra; Shephard v. Comptroller of Public Accounts, 168 F.3d 871 (5th Cir. 1999). Shephard involved conduct occurring for almost two years that included remarks about the plaintiff's nipples and thighs, attempts to look under her dress and down her clothing, and inappropriate touching and rubbing. The Fifth Circuit found this conduct "boorish and offensive," but not severe. It observed that none of the conduct physically threatened the plaintiff or undermined her workplace competence.

Similarly, in Hockman, the offending employee commented on the body shape of other employees, brushed against the plaintiff's breasts, slapped her "behind" with a newspaper, attempted to kiss her, and asked her to arrive at work early so that the two could be alone together. This conduct occurred over the course of a year and a half. Again, such conduct was found to be offensive but not sufficiently severe.

As in Shephard, there is nothing in the current record to indicate that plaintiff was ever "physically threatened" nor could

4

the conduct be said to undermine her workplace competence. The current record discloses nothing that would remotely cause this plaintiff to be a "victim of ridicule" or indicate "an atmosphere of sexual inequality or sexually demeaning treatment." DeAngelis, 51 F.3d at 596. As the Court understands this record, none of the offending conduct was aimed at the plaintiff.

The Court has determined to reconsider Defendant's motion for summary judgment on Plaintiff's hostile work environment claim. At this late stage, Plaintiff has presumably marshalled all evidence she intends to produce at trial. If Plaintiff can identify any additional evidence which is not in the current record and which supports her hostile work environment claim, she should be prepared to describe that evidence to the Court before trial commences.

DONE at Laredo, Texas, this 16th day of August, 2005.

_____
George P. Kazen
United States District Judge